IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BARBARA CURRAN,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RADIAGUARD INTERNATIONAL INC., et al.,<br><br>　　Defendants. | Civil No. 05-1725 (ADC) |

## ORDER

Plaintiff, Barbara Curran ("plaintiff"), brings suit against Radiaguard International, Inc. ("RGI"), Hope Medical Products, Inc. ("HMP"), Thomas W. Sugg, and Lucy S. Sugg (collectively "defendants"). **Docket No. 1**.[1] Plaintiff seeks, amongst other things, declaratory and injunctive relief as well as damages for fraud, misrepresentation and breach of contract. *Id.* On September 30, 2005, defendants moved for dismissal of the complaint on the following grounds: (1) lack of personal jurisdiction over defendants for failure to satisfy the due process minimum contact requirements; (2) lack of indispensable parties; and (3) improper venue. **Docket No. 33**. In support, defendants submitted a sworn statement by Mr. and Mrs. Sugg attesting to facts supporting the argument that the court lacks personal jurisdiction. **Docket No. 37**. After several requests for jurisdictional discovery, plaintiff opposed the request for dismissal on January 22, 2007. **Docket No. 68.** Defendants replied to the opposition on February 2, 2007. **Docket No. 71.** Defendants' motion was referred to Magistrate-Judge Marcos E. López ("Magistrate-Judge") on June 16, 2008, for a report and recommendation. **Docket No. 74**.

On October 9, 2008, the Magistrate-Judge issued a Report and Recommendation ("R & R") which recommended granting defendants' motions to dismiss. **Docket No. 77**.

---

[1] The court entered a partial judgment dismissing Jeffrey L. Pombert from the case on March 15, 2006. **Docket No. 62.**

Objections to the R&R were due by October 24, 2008, but none were filed.

## I.    Standard of Review for Objections to A Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Civ. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The objections must specifically identify those findings or recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharm., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. Gen. Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) *(*citing *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

## II.   Discussion

After reviewing the unopposed R & R, pleadings and memoranda in support and opposition thereof (**Docket Nos. 1, 33, 68, 71, 77**), it is evident that plaintiff has failed—notwithstanding numerous opportunities, and copious amounts of time, to do so[2]—to

---

[2] For a discussion of plaintiff's dilatory approach to this matter, *see* Section IV(A) of the R & R. **Docket No. 77**, at 11-15.

establish that the court has personal jurisdiction over defendants. *See Rodríguez-Salgado v. Les Nouvelles Esthetiques, et al.*, 218 F. Supp. 2d 203, 205 (D.P.R. 2002) ("The plaintiff always has the burden of establishing that the forum court has personal jurisdiction over the defendant."). More specifically, plaintiff's claims fail inasmuch as she has not shown that defendants' contacts with Puerto Rico were instrumental either in the formation of the contracts at issue or in their breach. *See Phillips Exeter Acad. v. Howard Phillips Fund, Inc., et al.*, 196 F.3d 284, 289 (1st Cir. 1999) ("In contract cases, a court charged with determining the existence *vel non* of personal jurisdiction must look to the elements of the cause of action and ask whether the defendant's contacts with the forum were instrumental either in the formation of the contract of in its breach."). In fact, as the record makes clear, the evidence put forth by plaintiff neither evinces nor suggests that the actions upon which plaintiff bases her allegations are linked to defendants' activities in Puerto Rico. *See Rodríguez-Salgado*, 218 F. Supp. 2d at 205 ("The claim may not arise out of the general relationship between plaintiff and defendant; rather, the cause of action 'must directly arise out of the specific contacts between the defendant and the forum state.'" (quoting *Phillips Exeter*, 196 F.3d at 290)). As far as this court can discern from the evidence submitted, every pertinent action, as it relates to plaintiff's claims, took place outside of Puerto Rico.

Furthermore, as the Magistrate-Judge correctly points out, even though plaintiff alleges that all of the events in the complaint "occurred precisely because of the commercial activities of HMP—and later RGI—and of the Suggs, in Puerto Rico," (**Docket No. 68,** at 12), and that her work in Puerto Rico was the main consideration of the HMP and RGI Agreements, she fails to present sufficient evidence to support these claims. Similarly, the complaint lacks specific allegations, and the evidence fails to show, that the causes of action alleged in the complaint are the result of HMP's, RGI's or the Sugg's commercial activities in Puerto Rico and that the main consideration of the HMP and RGI Agreements was plaintiff's work in Puerto Rico.

**III.    Conclusion**

Consequently, after reviewing the R & R, pleadings and memoranda in support and opposition thereof, the court adopts the R & R, thereby granting defendants' motions to dismiss. **Docket No. 33**. The Clerk of Court is to enter judgment **DISMISSING WITHOUT PREJUDICE** plaintiff's complaint.

**SO ORDERED**

At San Juan, Puerto Rico, on this 3rd day of February, 2009

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**